**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MORRIS STONE, *et al.*,** | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| v. | : | **NO. 26-3757** |
| **JOHNSON CONTROLS, INC., *et al.*,** | : | |
| Defendants. | : | |

**Perez, J.** **November 16, 2026**

**MEMORANDUM**

Defendants invoke this Court's jurisdiction under 28 U.S.C. § 1332, which allows parties to bring state law claims in federal court where the parties are citizens of different states. However, one defendant's presence in the case destroys diversity because, like Plaintiffs, he is a citizen of Pennsylvania. Accordingly, to establish this Court's subject matter jurisdiction, Defendants must show the non-diverse defendant was fraudulently joined. They contend Charles Byers was fraudulently joined because the claim against him is a legal impossibility—*i.e.*, it is barred by the co-employee immunity provision of Pennsylvania's Workers' Compensation Act. However, to show recovery against Byers is a legal impossibility, Defendants must establish that the parties shared a common employer. They have not done so. Complete diversity is therefore lacking, and the Court must grant Plaintiffs' motion to remand.

## I. Background

This workplace injury claim arose out of an explosion at a Johnson Controls manufacturing facility, which caused severe injuries to plaintiffs Morris Stone and Ian Phillips. The complaint filed in the Philadelphia Court of Common Pleas names several Johnson Controls corporate entities, "ABC corporations" and "Doe" defendants, and Charles Byers, who works at the facility.

Plaintiffs raise state law claims of strict product liability (Counts I and IV), negligence (Counts II-V and VII), and loss of consortium (Count VIII). Defendants removed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, asserting this Court has diversity jurisdiction over the matter, and Plaintiffs have moved to remand. At this stage, the parties primarily dispute (1) whether all defendants properly consented to removal, and (2) whether complete diversity exists.

While Stone and Phillips were working alongside Byers at a Johnson Controls facility in Waynesboro, Pennsylvania, a compressor exploded during a pressure test. ECF No. 1-3 at 11,16. Before the explosion, Byers checked the compressor and confirmed it was suitable to test. *Id.* at 16. However, the compressor exploded and seriously injured Plaintiffs. *Id.* at 16-19. On May 4, 2026, Plaintiffs filed a complaint in the Philadelphia County Court of Common Pleas naming defendants Johnson Controls, Inc., Johnson Controls North America Products, LLC, Johnson Controls International plc, Johnson Controls International, Inc., Johnson Controls, Inc. d/b/a "Frick" ("Frick"), York International Corp. ("York"), Tyco International (US), Inc. ("Tyco"), Charles Byers, John Doe I, and ABC Corporation I. *See* ECF No. 1-3 at 5.

Johnson Controls, Inc. removed based on diversity jurisdiction on June 1, 2026. ECF No. 1 at 12. Defendants contend that complete diversity exists for two reasons: (1) Byers was fraudulently joined because Plaintiffs' claim against him is barred as a matter of law by the Pennsylvania Workers' Compensation Act (PWCA), *See* Not. Removal, ECF No. 1 ¶ 25; and (2) York is not a citizen of Pennsylvania, ECF No. 1 ¶ 23.[1] The Notice of Removal also includes the following statement: "The undersigned counsel represents Johnson Controls North America

[1] Defendants also argue that defendant Tyco no longer exists as a business entity, ECF No. 1 at 5, and Plaintiffs dispute this assertion. ECF No. 13-2 at 5. Its existence is irrelevant for diversity purposes because Plaintiffs do not allege it is a citizen of Pennsylvania such that it would affect complete diversity. ECF No. 1-3 at 9 (alleging Tyco was incorporated in Massachusetts and has its principal place of business in California.)

Products, LLC, Johnson Controls International plc, Johnson Controls International, Inc., York International Corp., and Charles Byers in this action, and avers that all entities consent to the removal of this action." ECF No. 1 ¶ 52. Plaintiffs moved to remand on July 1, 2026, arguing that all defendants did not properly consent to removal, that Byers was not fraudulently joined, and disputing York's citizenship. ECF No. 13-2 at 1-2.

The parties agree that the following parties are diverse: Plaintiffs, Johnson Controls, Inc., Johnson Controls North America Products, LLC, Johnson Controls International plc, and Johnson Controls International, Inc.[2] The parties dispute both whether Byers' Pennsylvania citizenship may be disregarded due to fraudulent joinder, and the citizenship of York.[3]

To determine whether the Court has subject matter jurisdiction, it must resolve three issues: first, whether Defendants have properly consented to removal; second, whether Byers was fraudulently joined because Plaintiffs' claim against him is barred by the PWCA as a matter of law; and third, if Byers was fraudulently joined, whether York is a citizen of Pennsylvania.

## II. Legal Standard

A defendant may remove a case to federal court if federal jurisdiction exists, so long as all defendants join in, or consent to, the removal. 28 U.S.C. § 1446(b). "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (quoting *Steel Valley Auth. v. Union Switch*

[2] The Complaint and Notice of Removal agree that Plaintiffs are all citizens of Pennsylvania, ECF No. 1-3 ¶¶ 1, 3; ECF No. 1 ¶ 9, 11, Johnson Controls, Inc. is a citizen of Wisconsin, ECF No. 1-3 ¶ 4; ECF No. 1 at 14, Johnson Controls International plc is a citizen of Ireland, ECF No. 1 ¶ 19; ECF No 1-3 ¶ 10, and Johnson Controls International, Inc. is a citizen of Delaware and Wisconsin. ECF No 1 ¶ 21; ECF No. 1-3 ¶ 13. The Complaint alleges Johnson Controls North America Products, LLC is incorporated in Delaware with a principal place of business in Wisconsin, ECF No. 1-3 ¶7, and the notice of removal alleges it is a citizen of Switzerland, ECF No. 1 ¶17. Regardless, neither party argues it is a citizen of Pennsylvania such that it would impact diversity.

[3] Defendants also assert that Frick is a brand name and not a legal entity, *see* ECF No. 16 at 21, but neither party has definitively addressed whether it is an entity whose citizenship must be established for diversity purposes.

*& Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). It "remains the defendant's burden to show the existence and continuance of federal jurisdiction," and "the district court must assume as true all factual allegations of the complaint." *Steel Valley*, 809 F.2d at 1010.

**III. Discussion**

**A. Defendants Properly Consented to Removal.**

"[W]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A); *see also Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247–48 (1900). The statute does not specify a form of consent, and "neither the Supreme Court nor the Third Circuit . . . has addressed what it means for a defendant to 'join' its codefendant's removal notice." *Baldy v. First Niagara Pavilion, C.C.R.L., LLC*, 149 F. Supp. 3d 551, 556–57 (W.D. Pa. 2015). Courts recognize two approaches to satisfying the Rule of Unanimity: a stricter and a looser approach. *Id.* at 556. As is the case here, the Rule is satisfied under both approaches where all defendants are represented by the same counsel, who holds authority to attest to consent on their behalf.

Under the stricter approach, followed by the Second, Fifth, and Seventh Circuits, a removing defendant may not unilaterally attest to a codefendant's consent to removal. *See, e.g.*, *Baldy*, 149 F. Supp. 3d at 557; *McCreesh v. City of Phila.*, No. 20-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020). The Fourth, Sixth, Eighth, and Ninth Circuits, meanwhile, follow a looser approach, allowing a removing defendant to state in the notice of removal that the other defendants consent. *See. e.g.*, *Baldy*, 149 F. Supp. 3d at 558; *McCreesh*, 2020 WL 5017609, at *2. Here, the Court need not decide which approach applies because the Rule is satisfied under either approach.

Under the stricter approach, unanimous consent requires non-removing defendants to "(1) clearly and unambiguously join[] in the removing defendant's notice of removal"; or (2) "file[] a

separate written consent to removal with the court." *Baldy*, 149 F. Supp. 3d at 553 (quoting *A.R. v. Norris*, No. 15cv1780, 2015 WL 6951872, at *3 (M.D. Pa. Nov. 10, 2015)). The required written indication of consent must come from "each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so." *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988). An attorney may attest to her client's consent to removal. *See Baldy,* 149 F. Supp. 3d at 553–54. Indeed, a corporate entity can only properly consent to removal through its attorney. *Boring v. Riedman Dev. Corp.*, No. 25-1640, 2025 WL 2111067, at *4 (E.D. Pa. July 25, 2025) ("[A] corporate entity cannot consent to removal through a non-lawyer representative." (internal quotations omitted)).

Here, counsel for removing defendant Johnson Controls, Inc. represents all Defendants. *See* ECF No. 13-8 at 7; ECF No. 1 at 12 (signature block). Thus, counsel has the authority to attest to consent on all Defendants' behalf. For this reason, even under the stricter approach, unanimity is satisfied.[4] *See, e.g.*, *Melfi v. TLD Logistic Servs.*, No. 16-4794, 2017 WL 11693892, at *5 (E.D. Pa. Apr. 17, 2017); *Avicolli v. BJ's Wholesale Club, Inc.*, No. 21-1119, 2021 WL 1088249, at *1,6 (E.D. Pa. March 22, 2021); *Gonzalez v. New Werner Holding Col, Inc.*, No. 5:21-cv-01549-JMG, 2021 WL 4037516, at *2, n.4 (E.D. Pa. Sept. 3, 2021). Defendants have properly consented to removal.

[4] Defendants argue for the looser approach followed by the Fourth, Sixth, Eight, and Ninth Circuits, which was also employed in a line of Eastern District cases beginning with *McCreesh v. City of Philadelphia*, No. 20-3002, 2020 WL 5017609, at *2 (E.D. Pa. Aug. 25, 2020). Under the looser approach, the Rule is satisfied when a notice of removal is signed and filed by an attorney for one defendant and the notice unambiguously represents that the other defendants consent to removal. *Baldy*, 149 F. Supp. 3d at 588 (citing *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Proctor v. Vishay Intertechnology Inc.*, 584 F. 3d 1208, 1225 (9th Cir. 2009); *Harper v. AutoAlliance Int'l, Inc.*, 392 F. 3d 195, 201-02 (6th Cir. 2004)). Defendants have satisfied the looser approach because counsel's signed and filed notice of removal explicitly avers that he represents all defendants and that all defendants consent to removal.

**B. Defendants Have Not Established Byers Was Fraudulently Joined.**

Removal based on diversity of citizenship requires that no plaintiff be a citizen of the same state as any defendant, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *see also Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010)). Plaintiffs do not dispute the amount in controversy requirement is met. However, Plaintiffs and Byers are all citizens of Pennsylvania. ECF No. 1-3 ¶¶ 1, 3; ECF No. 1 ¶¶ 9, 11, 25. To establish complete diversity, therefore, Defendants must show Byers was fraudulently joined so that the Court may disregard his Pennsylvania citizenship. They have failed to do so; thus, remand is required.

**1. Fraudulent Joinder Standard**

Joinder is fraudulent where "there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant," or where the plaintiff has "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas, Co.*, 770 F. 2d 26, 32 (3d Cir. 1985) (quoting *Goldberg v. CPC International*, 495 F. Supp. 233, 239 (N.D. Cal. 1980)). A removing party charging a plaintiff with fraudulent joinder bears "a 'heavy burden of persuasion.'" *Boyer*, 913 F. 2d at 111 (quoting *Steel Valley*, 809 F. 2d 1006, 1010, 1012 n.6 (3d Cir. 1987)). In deciding a question of fraudulent joinder, the Court must "focus on the plaintiff's complaint at the time the petition for removal was filed," *Steel Valley*, 809 F.2d at 1010, and it must "resolve all contested issues of substantive fact" and "any uncertainties as to the current state of controlling law in favor of the plaintiff," *Boyer*, 913 F. 2d at 111.

When considering a claim of fraudulent joinder, the standard is "[less] searching" than the Rule 12(b)(6) motion to dismiss standard. *Batoff v. State Farm Ins. Co*. 977 F. 2d 848, 852 (3d Cir. 1992). A district court can conclude that a party was not fraudulently joined, but that the party may

still ultimately be dismissed for failure to state a claim against him. *Id*. In deciding whether joinder was fraudulent, the Court must take care not to "step[] from the threshold jurisdictional issue into a decision on the merits." *Boyer*, 913 F.2d at 112. A "claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction." *Batoff*, 977 F.2d at 853. The Court must remand the case to state court if "there is even a possibility that the complaint states a cause of action against any one of the resident defendants." *Boyer*, 913 F.2d at 111.

Defendants argue that Plaintiffs have not pled a colorable claim against Byers because the PWCA's co-employee immunity provision bars Plaintiffs' negligence claim against him as a matter of law. ECF No. 1, ¶¶ 38-39; ECF No. 16, at 21. They insist that Plaintiffs' ability to recover is a "clear legal impossibility, not an unlikely merits outcome." ECF No. 16 at 21. Defendants are incorrect. Plaintiffs' claim is colorable because Defendants have not foreclosed the possibility of their recovery as the fraudulent joinder standard requires.

**2. Plaintiffs Have Pled a Colorable Claim Against Byers.**

Joinder is not fraudulent if "there is even a possibility that the complaint states a cause of action against" Byers. *Boyer*, 913 F.2d at 111. The Court must thus determine whether the PWCA's co-employee immunity provision renders recovery against Byers a "clear legal impossibility." *West v. Marriott Hotel Services, Inc.*, No. 10-4130, 2010 WL 4343540, at *3 (E.D. Pa. Nov. 2, 2010). It does not.

Under the PWCA's comprehensive scheme, "employers pay benefits at a set rate" in exchange for immunity from common law liability. *Sporio v. Workers' Compensation Appeal Bd. (Songer Const.)*, 717 A.2d 525, 530 (Pa. 1998). The PWCA provides the exclusive remedy for employees and their families for all work-related injuries. 77 P.S. § 481(a); *Wagner v. Nat'l Indem. Co.*, 422 A.2d 1061, 1065 (Pa. 1980). It also grants co-employee tortfeasors immunity from

negligence liability where an injured person and the tortfeasor who caused the injury are in the "same employ." 77 P.S. § 72.

Where an injury is compensable under the PWCA, a defendant is only entitled to co-employee immunity if they can establish that the plaintiff and the alleged co-employee were employed by the same entity. *See Brown v. Gaydos*, 351 A.3d 669, 680 (Pa. 2026). Thus, Defendants must establish the statutory employer for Byers, Morris, and Stone so the Court may determine as a matter of law that it is the same entity. Defendants have failed to establish the identity of Plaintiffs' employer and thus have failed to eliminate the possibility that Plaintiffs and Byers are employed by different entities—a possibility which would deny Byers PWCA co-employee immunity. *See Moberg v. Workers' Compensation Bd. (Twining Village)*, 995 A.2d 385, 388 (Pa. 2010) ("A claimant must establish an employer/employee relationship to be entitled to benefits under the Act."); *see also Shamblin v. Chesapeake Energy Co.*, No. 12-CV-0089, 2012 WL 1902580, at *3 (M.D. Pa. May 25, 2012) (denying defendant's motion to dismiss plaintiff's claim based on PWCA employer immunity because the complaint did not contain any allegations that defendant was plaintiff's employer, despite defendants' contention that it was); *cf. Hogan v. Raymond Corp.*, 777 F. Supp. 2d 906, 911 (W.D. Pa. 2011) (dismissing plaintiff's claim based on employer immunity where plaintiff's employer's identity was undisputed), *aff'd in relevant part by* 536 F. App'x 207, 210 (3d Cir. 2013).[5]

Defendants rely exclusively on Plaintiffs' W-2's to prove their employer is York. This evidence is insufficient on its own to determine a PWCA statutory employer under the fact-intensive inquiry Pennsylvania law requires. Pennsylvania courts treat "the existence of the employer/employee relationship" as "a legal question" and apply common law rules to "ascertain[]

[5] The Court need not determine whether Plaintiffs claims are compensable under the PWCA because Defendants have failed to establish that Plaintiffs and Byers shared a common employer.

the relation of master and servant." *Kiehl v. Action Mfg. Co.*, 535 A.2d 571, 572–73 (Pa. 1987).[6] This common law test, based on an intricate factual analysis, requires determining what entity controls the employees' work and the manner in which they do it. *Id.* Further, where a parent/subsidiary relationship is at issue, the Court must perform further analysis to determine which entity controls the employee's work by evaluating each entity and each employee's functions "in addition to other indicia of control." *Id.*; *see also Grimsley v. Manitowoc Co. Inc.*, 792 F. App'x 168, 169–71 (3d Cir. 2019) (applying the control test at summary judgment). Crucially, the employer name listed on a W-2 form is but one factor that may be considered; it is not alone dispositive. *See, e.g.*, *Fye v. Woodland Forrest Prods. Inc.*, 39 Pa. D. & C. 4th 420, 423–24, 426–27, 431 (Pa. Ct. C.P. Clearfield Cnty. 1998) (applying multi-factor fact-intensive analysis where parties disputed plaintiffs' statutory employer and determining statutory employer was an entity other than that listed on plaintiff's W-2); *Lyles v. Huntington Bancshares, Inc.*, No. 11957 of 2009, 2010 WL 4814363, at *516–17 (Pa. Ct. C.P. Lawrence Cnty. July 12, 2020) (applying the control test to determine plaintiff's employer and its resulting immunity in a parent-subsidiary relationship and crediting W-2 evidence as only one of many factors).

The Court does not have sufficient facts in this posture—nor does the fraudulent joinder standard allow it—to conduct the fact-intensive inquiry required to determine the parties' employer. *See Boyer*, 913 F.2d at 112 (explaining the "district court, in the guise of deciding whether joinder was fraudulent" may not "step[] from the threshold jurisdictional issue into a decision on the merits"). On this record, and in this posture, the Court cannot determine the relationship between York, Tyco, and Johnson Controls International plc—namely, whether they have a parent/subsidiary relationship—nor can it conduct the requisite fact-intensive control test.

[6] The PWCA defines "employer" as "synonymous with master" and includes natural persons, partnerships, corporations, and various other entities. 77 P.S. § 21.

While Defendants' W-2 evidence demonstrates a possibility, or even a probability, that York employs all three parties, a probability is insufficient to show fraudulent joinder. *Id.* at 113; *Batoff*, 977 F.2d at 851 (quoting *Boyer*, 913 F.2d at 111) ("If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."). Moreover, the identity of Plaintiffs' employer is a contested issue of substantive fact, which the Court must resolve in Plaintiffs' favor. *Boyer*, 913 F.2d at 111. Plaintiffs offer competing evidence—their workers' compensation paperwork—which reflects their employers as Tyco and/or Johnson Controls International plc. ECF No. 13-7 at 2–7 (Exhibit "E") (notice of compensation listing Tyco as Phillips' employer, notice of temporary compensation listing Tyco as Stone's employer, and letter from insurance company listing Stone's employer as Johnson Controls International, PLC).[7] A W-2 is not enough to establish the identity of Plaintiffs' employers where it appears multiple related entities could be involved, and where Plaintiffs have submitted evidence contesting the substantive facts put forth by Defendants. *See Grimsley*, 792 F. App'x at 169–71. *See also Fye*, 39 Pa. D. & C. 4th at 423-24, 426-27.

Furthermore, inconsistencies in the record undermine Defendants' assertion that York is the parties' common employer. For one thing, Defendants state that Johnson Controls International plc cannot be Plaintiffs' employer because it has no employees at the Waynesboro facility and "does not provide workers' compensation insurance" at that facility. ECF No. 16 at 20. However, Plaintiffs provide a letter from a company called Sedgwick, which reads: "Sedgwick manages claims for OLD REPUBLIC INSURANCE COMPANY on behalf of Johnson Controls International, PLC." ECF No. 13-7 at 6 ("Exhibit E"). This letter undermines Defendants'

[7] The page numbers cited for "Exhibit E" refer to the PDF pagination.

assertions to the contrary, and presents a possibility that Johnson Controls International plc *does* provide workers' compensation insurance at the Waynesboro facility and thus is Plaintiffs' employer. The Court must resolve this contested fact in Plaintiffs' favor. *Boyer*, 913 F.2d at 111.

Additionally, Defendants insist Tyco "is not a currently existing business entity within the Johnson Controls corporate family." ECF No. 16 at 20; ECF No. 16-2 at 4. Defendants explain away Plaintiffs' workers compensation documents reflecting Tyco as Plaintiffs' employer as "at most" being "workers' compensation or claims-administration labels." ECF No. 16 at 20. However, this explanation does not eliminate the possibility that Tyco is Plaintiffs' employer.

These seemingly small factual discrepancies loom large when held against the fraudulent joinder standard. The presence of these factual disputes and inconsistencies mean that Defendants have not shown recovery against Byers is impossible as a matter of law. In other words, Plaintiffs' claim is colorable. That an immunity defense may eventually win out does not automatically mean a claim against that defendant is fraudulent. *See Akers v. Kubota Mfg. of Am. Co.*, No. 24-cv-2707, 2025 WL 491988, *3 (E.D. Pa. Feb. 13, 2025) (declining to find fraudulent joinder based on PWCA employer immunity where the law was uncertain and the facts were disputed, and explaining "[w]hether workers' compensation immunity applies is for a Pennsylvania court to decide, but it's not frivolous to claim it does not").

There remains a possibility that Plaintiffs do not share a common employer with Byers. Byers was not fraudulently joined, and his Pennsylvania citizenship destroys diversity. Thus, the Court must remand this case.

**3. The Court Declines to Permit Limited Discovery to Resolve the Common Employer Question.**

Defendants ask the Court to allow limited discovery before ruling on remand to clarify any factual uncertainty regarding the parties' employer of record. ECF No. 16-1 at 21-22. The Court

declines this invitation because resolving the uncertainty necessarily involves a detailed analysis of state law and its application to the facts, which the Court does not have jurisdiction to perform.

In some limited circumstances, where there is no danger of stepping beyond the jurisdictional issue and into the merits, the Court may "pierce the pleadings" to determine whether joinder is fraudulent. *Reith v. Teva Pharmaceuticals USA, Inc.,* Nos. 18-3987 & 18-3992, 2019 WL 1382624, at *2 (E.D. Pa. March 27, 2019); *In Re Briscoe*, 448 F. 3d 201, 219–20 (3d Cir. 2006) (endorsing a look beyond the pleadings in a fraudulent joinder inquiry to consider "reliable evidence" supporting a statute of limitations defense); *Boyer*, 913 F.2d at 112 (distinguishing between permissible "limited piercing of the allegations to discover fraudulent joinder" and impermissible stepping "from the threshold jurisdictional issue into a decision on the merits"); *Batoff*, 977 F.2d at 853 (explaining that a "limited piercing of the complaint" was unnecessary because the Court was still able to conclude the claim was colorable based on its uncertainty that Pennsylvania Courts would extend immunity on the facts of the case). That danger is present here.

In looking beyond the pleadings, a court must carefully avoid making a "penetrating" inquiry into state law. *Id*. If it were to perform such an inquiry, it would "have decided [a] diversity case on the merits, even though the parties are not diverse." *Id*. "A claim which can be dismissed only after an intricate analysis of state law is not so wholly insubstantial and frivolous that it may be disregarded for purposes of fraudulent joinder." *Id*.

Defendants ask the Court to permit targeted discovery as to the "W-2 employer-of-record status of Stone, Phillips, and Byers." ECF No. 16 at 22. However, Defendants misunderstand the nature of the inquiry here. Allowing "limited discovery" is proper where it is meant to answer only a limited factual question. *See Reith,* 2019 WL 1382624, at *3. The question here is more complex: which entity controls the Plaintiffs' employment. To answer this question, the Court would need

to undertake an "intricate analysis of state law" and its application to the facts, which would cross the line from a jurisdictional dispute to a decision on the merits. Such analysis is impermissible. *Batoff*, 977 F.2d at 853; *cf In Re Briscoe*, 448 F.3d at 220.

## IV. Conclusion

In sum, Defendants have properly consented to removal, but they have failed to eliminate the possibility that Plaintiffs can recover on their negligence claim against Byers. Byers remains a party in the case, and his Pennsylvania citizenship destroys diversity. As a result, the Court lacks subject matter jurisdiction to hear this case and must grant Plaintiffs' motion to remand.